Douglas D. Phelps
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802
ISBA # 4755

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK L. GROM, a single person,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF COEUR D'ALENE, , CHIEF OF POLICE LEE WHITE, SERGEANT JEFF WALTHER, and OFFICER JOSEPH SCHOLTEN, individually and in his official capacity as a police officer for the City of Coeur d'Alene,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983** |

COMES NOW the Plaintiff, PATRICK L. GROM, by and through his attorney, DOUGLAS D. PHELPS of PHELPS & ASSOCIATES, P.S., and for a cause of action against the Defendants above-named alleges as follows:

## I. INTRODUCTION

1.1    This is a civil action seeking compensatory and punitive damages against the Defendants for police brutality and excessive force, and for

committing acts under color of law, depriving the Plaintiff of rights secured by the United States Constitution and the laws of the United States. Defendant Joseph Scholten, while acting in his capacity as an employee of the City of Coeur d'Alene, acted to and did in fact deprive the Plaintiff of his constitutional rights.

1.2     Additionally, the acts of the City of Coeur d'Alene, Police Chief Lee White and Sergeant Jeff Walthen violated the Plaintiff's rights pursuant to the United States Constitution, 42 U.S.C. Section 1983 and 1988, under the Civil Rights Act of 1971 and the common law.

1.3     The Plaintiff suffered injury after he was aggressively and without authority of law assaulted by Joseph Scholten and then repeatedly struck in the face with a closed fist while Plaintiff was unconscious on the ground and not physically resisting.

## II. JURISDICTION AND PARTIES

2.1     This action is brought pursuant to 42 USC Section 1983 and 1988, under the Civil Rights Act of 1971, alleging that the Defendants acted under the color of law, depriving the Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

2.2     This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

**COMPLAINT FOR CIVIL RIGHTS**
**VIOLATIONS UNDER 42 U.S.C. § 1983 – Page 2**

2.3    All acts and omissions complained of occurred in the District of Idaho.

2.4    Plaintiff Patrick Grom was at all times relevant hereto a resident of Kootenai County, Washington.

2.5    Defendant City of Coeur d'Alene is a governmental entity organized under the Idaho Code and located in Coeur d'Alene, Kootenai County, Idaho.

2.6    Defendant Police Chief Lee White, at the time of the incidents alleged in this complaint, was the Chief of Police for the Coeur d'Alene Police Department, Idaho.

2.7    Defendant Sergeant Jeff Walthen, at the time of the incidents alleged in this complaint, was working as a supervisory police officer for the Coeur d'Alene Police Department, Idaho.

2.8    Defendant Joseph Scholten, individually and in his official capacity, based upon information and belief is believed to be a resident of Kootenai County, Idaho, and was a law enforcement officer employed by the City of Coeur d'Alene at all times relevant to this action.

2.9    All defendants are believed to reside in Kootenai County, Idaho.

2.10   The venue is proper in the District of Idaho under 28 U.S.C. Section 1391 in that the Defendants and Plaintiff resided in, and the cause of action arises in, the District of Idaho.

### III. FACTUAL HISTORY

3.1    On or about October 26, 2016 at approximately 2152 hours Pacific Standard Time, PATRICK GROM was contacted by Officer JOSEPH SCHOLTEN and Sergeant JEFF WALTHER of the Coeur d'Alene Police Department.

3.2    JOSEPH SCHOLTEN was working in his capacity as a sworn law enforcement officer employed by the Police Department in the City of Coeur d'Alene.

3.3    JOSEPH SCHOLTEN was wearing a department issued police uniform, including a badge, firearm, handcuffs and other police equipment.

3.4    The contact between PATRICK GROM and JOSEPH SCHOLTEN occurred at an apartment complex in the 100 block of Hattie Avenue in the City of Coeur d'Alene, State of Idaho.

3.5    JOSEPH SCHOLTEN was operating marked police vehicle and was being supervised by Sergeant JEFF WALTHER at the time of the contact.

3.6    JOSEPH SCHOLTEN initiated a traffic stop of the vehicle being driven by PATRICK GROM for a minor traffic violation (i.e., failure to use a turn signal).

3.7    After being signaled to pull over by the police emergency lights, PATRICK GROM navigated his vehicle into a covered parking stall at the

apartment complex he had driven into and exited his vehicle, walking towards the police vehicle.

3.8    JOSEPH SCHOLTEN and JEFF WALTHER made contact with PATRICK GROM at the front of the police vehicle.

3.9    JOSEPH SCHOLTEN conducted a weapons search of PATRICK GROM, finding no weapons.

3.10   However, JOSEPH SCHOLTEN later noted in his report that he could smell the odor of alcoholic beverages coming from PATRICK GROM's person and noticed PATRICK GROM was slurring his words.

3.11   PATRICK GROM complied with all the requests of the officers and answered their questions truthfully.  At no time was PATRICK GROM advised he was under arrest or not free to leave.

3.12   JOSEPH SCHOLTEN walked away from PATRICK GROM and began speaking with other officers who had arrived at the scene.

3.13   PATRICK GROM then ran from the scene, crossing the street and running through a car dealership's parking lot.

3.14   Officers pursued PATRICK GROM.

3.15   Upon reaching a large fence, PATRICK GROM surrendered to police, indicating his desire to comply by facing towards the officers and raising his hands in the air in a nonthreatening, submissive manner.

3.16   JOSEPH SCHOLTEN, who had been pursuing PATRICK GROM, then used the full weight of his body to tackle PATRICK GROM, taking them both to the ground.

3.17   PATRICK GROM was knocked unconscious as a result of the force of JOSEPH SCHOLTEN running into, tackling him and striking him.

3.18   JOSEPH SCHOLTEN landed on top of PATRICK GROM, straddling PATRICK GROM with PATRICK GROM's back on the grass.

3.19   PATRICK GROM, dazed and confused having suffered a concussion from being struck and knocked down, made no attempts to resist and instead intended to comply with the officers' orders.

3.20   Without warning and due to JOSEPH SCHOLTEN's apparent frustration and anger at having to chase PATRICK GROM, JOSEPH SCHOLTEN began to strike PATRICK GROM in the face several times with a closed fist, causing serious facial injuries.

3.21   JOSEPH SCHOLTEN's closed fist strikes to PATRICK GROM's face were unnecessary and excessive due to PATRICK GROM being unconscious, in a position of unfair advantage and submitting to police commands.

3.22   Sergeant JEFF WALTHEN, upon arriving moments after JOSEPH SCHOLTEN tackled PATRICK GROM, observed JOSEPH SCHOLTEN strike

PATRICK GROM in the face several times with a closed fist but did not stop or warn his fellow officer to stop striking PATRICK GROM.

3.23   JEFF WALTHEN's failure to act and/or intercede contributed to the excessive force used against PATRICK GROM by JOSEPH SCHOLTEN.

3.24   PATRICK GROM was injured as a result of JOSEPH SCHOLTEN's negligence, violation of his constitutional rights under the 4th Amendment to the U.S. Constitution, and lack of knowledge, training and supervision relating to basic police procedure, including use of force and restraining a non-violent suspect.

3.25   The CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN have failed to provide sufficient training to their police officers.

3.26   The CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN have engaged in a policy, practice or custom of encouraging and training their police officers to use physical force as a punishment to persons suspected of crimes who flee or otherwise obstruct law enforcement.

3.27   The defendants, including those individually named, intended to deprive PATRICK GROM of his constitutional rights by their pattern and practice

of failing to train and/or training officers to use physical force on non-violent suspects such as PATRICK GROM.

3.28   The actions by JOSEPH SCHOLTEN caused severe and excruciating pain to PATRICK GROM.

3.29   Plaintiff PATRICK GROM has suffered, and continues to suffer, from ongoing physical and emotional pain due to the injuries he sustained in this incident where JOSEPH SCHOLTEN used unnecessary and excessive force.

3.30   The CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN have failed to have proper procedures or protections in place to adequately document or investigate injuries to arrestees.

3.31   The CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN failed to have proper procedures in place to assure that other officers would take steps to protect citizens from assaultive behavior by fellow officers.

## IV. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC 1983 (THE CIVIL RIGHTS ACT), THE U.S. CONSTITUTION AND THE IDAHO STATE CONSTITUTION, AND FOR EXCESSIVE FORCE, ASSAULT AND BATTERY

Plaintiff PATRICK GROM re-alleges and incorporates paragraphs 3.1 to 3.31 as paragraphs 4.1 to 4.31.

4.32   The Defendants caused or failed to prevent injury to PATRICK GROM in violation of his rights under 42 USC 1983.

4.33   That the Defendants CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN by custom, policy, or practice caused the injury to PATRICK GROM by failing to train or supervise their police officers relating to the proper use of force when confronting a citizen who is suspected of violating state law.

4.34   As a result of the deprivations and violations to PATRICK GROM's rights, he has suffered and continues to suffer injury as a result, including but not limited to physical, psychological, and emotional injuries.

4.35   PATRICK GROM was subjected to unlawful, excessive and unreasonable force by JOSEPH SCHOLTEN.   There was no substantial government interest in using such significant force to effect PATRICK GROM's arrest for misdemeanor violations that are nonviolent and minor in nature.

4.36   JOSEPH SCHOLTEN used excessive force in his arrest and detention of PATRICK GROM in violation of the Fourth Amendment to the United States Constitution.

4.37   JOSEPH SCHOLTEN's knocking PATRICK GROM unconscious and the use of closed fist strikes to the head and face of PATRICK GROM was

unlawful, unreasonable, excessive and without provocation in violation of PATRICK GROM's Fourth Amendment rights.

4.38   JOSEPH SCHOLTEN's knocking PATRICK GROM unconscious and the use of closed first strikes to the face and head of PATRICK GROM was unlawful, unreasonable, excessive and without provocation and constituted assault and battery upon PATRICK GROM.

4.39   As a result of the actions or inactions of CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN, Plaintiff PATRICK GROM suffered and continues to suffer injury, including but not limited to, injuries that are physical, psychological, and emotional.

4.40   The Defendants acted with reckless and callous indifference to PATRICK GROM's rights and failed to prevent injury to PATRICK GROM which was a violation of his rights pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.41   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN by custom, policy, or practice caused the deprivation of the rights of PATRICK GROM by allowing police officers to continually use force beyond that which is necessary to subdue non-violent suspects, and such action is sanctioned by superiors within the Department and the City of Coeur d'Alene and is the moving force depriving the Plaintiff of his constitutional rights.

4.42   That as a result of the violations to PATRICK GROM's constitutional rights, he has suffered and continues to suffer injury as a result of his detainment and injuries.

## V. CAUSE OF ACTION FOR NEGLIGENT TRAINING, RETENTION AND SUPERVISION

Plaintiff PATRICK GROM re-alleges and incorporates paragraphs 3.1 to 3.31 as paragraphs 5.1 to 5.31.

5.32   That JOSEPH SCHOLTEN failed to make efforts to de-escalate the contact prior to physically assaulting PATRICK GROM.

5.33   That JOSEPH SCHOLTEN, after PATRICK GROM was knocked to the ground and unconscious, continued to inflict physical and emotional injury by striking PATRICK GROM in the face and head with closed fist strikes.

5.34   That the acts of JOSEPH SCHOLTEN were done with deliberate and reckless disregard of the injury to the Plaintiff, PATRICK GROM.

5.35   That the CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN by custom, policy, or practice caused the deprivation of the rights of CALEB V. DORMAIER when they failed to train, supervise and retain JOSEPH SCHOLTEN relating to use of force on non-violent persons suspected of violating minor misdemeanor laws.

5.36   That the Plaintiff, PATRICK GROM, was not actively resisting arrest in any way to justify the actions and the level of force used by JOSEPH SCHOLTEN.

5.37   That the actions of JOSEPH SCHOLTEN were outside the scope of necessary and reasonable force that should have been used to detain a citizen on a misdemeanor law violation and caused injury to PATRICK GROM.

5.38   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN are liable for the actions of their officers when using unnecessary and unreasonable force as they by policy, custom, and practice supported the actions of their officers by failing to implement, attempt or use de-escalation practices when using physical force to subdue non-violent individuals suspected or believed by police to be involved in minor law violations.

5.39   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN and the police officers employed by the CITY OF COEUR D'ALENE, including the individually named defendant, engage in a pattern or practice and have failed to act and/or follow and implement a continuum of force policy to prevent the unnecessary escalation of force when dealing with PATRICK GROM and other members of the public, which is the moving force depriving PATRICK GROM of the aforementioned constitutional rights violations.

5.40   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN and the police officers employed by the CITY OF COEUR D'ALENE, including the individually named defendant, engage in a pattern or practice of the use of excessive force on subjects who are already taken into custody, handcuffed or otherwise restrained.   These uses of force are unjustified based on the diminished threat posed by the restrained suspects and the force inflicted significant injuries upon the Plaintiff.

5.41   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN and the police officers employed by the CITY OF COEUR D'ALENE, including the individually named defendants, engage in a pattern or practice of using unnecessary or excessive force in the course of arresting individuals for minor offenses in violation of the constitutional rights of the individuals.

5.42   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN and the police officers employed by the CITY OF COEUR D'ALENE, including the individually named defendants, engage in a pattern or practice of not properly training their police officers to the police industry standard and by failing to properly train officers, unnecessarily risk injury to the public and persons with whom said officers interact.

5.43   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN are liable for violating the constitutional rights of PATRICK GROM when, on the City's behalf by custom, policy, or practice encouraged the acts of their employees.

5.44   That as a result of the actions or inactions of the Defendants, PATRICK GROM suffered and continues to suffer injury as a result of the excessive use of force used to detain him and injuries, including but not limited to physical, psychological, and emotional.

5.45   That the Defendants CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN are liable for the actions of their employees where they encouraged the acts by custom, policy, or practice which resulted in the causation of and failure to prevent injury to PATRICK GROM.

5.46   That Defendants CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN, are liable for the actions of their employees for failing to train said employees in procedures involving the use of closed fist strikes, police searches, interactions with citizens, and training to prevent the use of excessive force which resulted in the injury to PATRICK GROM.

5.47   That as a result of the actions or inactions of the employees of CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN, Plaintiff PATRICK GROM suffered and continues to suffer injury.

5.48   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN failed to adequately and fully train law enforcement officers on when to use intermediate levels of force, resulting in the injury of PATRICK GROM.

5.49   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN intentionally, willfully, recklessly and/or negligently created no training programs for police officers employed by the CITY OF COEUR D'ALENE, and in so doing created a situation where police officers were patrolling the streets, responding to criminal acts and interacting with citizens when the police officers had inadequate, little or no training in how to properly deal with the situations they were confronting.

5.50   That as a result of the negligent training, PATRICK GROM suffered and continues to suffer injury.

5.51   That Defendants CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN are liable for the actions of their employees for failing to supervise said employees in procedures involving use of

force, arrest procedures, police searches and interactions with citizens, which resulted in the injury to PATRICK GROM.

5.52   That as a result of the actions or inactions of the employees of CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN, PATRICK GROM suffered and continues to suffer injury.

5.53   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN failed to adequately and fully supervise law enforcement officers, resulting in the injury of PATRICK GROM.

5.54   That as a result of the negligent supervision, PATRICK GROM suffered and continues to suffer injury.

5.55   That Defendants CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN are liable for the actions of their employees for failing to discharge PATRICK GROM, who was not properly trained as a police officer, was known to have been involved in improper action or criminal activity against citizens (both suspected of crimes and improperly and unlawfully suspected of crimes), which resulted in the injury to PATRICK GROM.

5.56   That CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN encouraged such actions by custom, policy, and

practice of not removing officers who were unnecessarily violent and/or improperly trained, such as JOSEPH SCHOLTEN.

5.57   That as a result of the actions or inactions of CITY OF COEUR D'ALENE, Police Chief LEE WHITE and Sergeant JEFF WALTHEN, PATRICK GROM suffered and continues to suffer injury.

5.58   That as a result of the negligent retention, PATRICK GROM suffered and continues to suffer injury.

5.59   Plaintiff demands a jury on all issues so triable.

## VI. RELIEF SOUGHT

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount that will fairly compensate the Plaintiff for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable by the law, and any other relief the Court deems just, including but not limited to:

   a.  Past and future medical expenses.
   b.  Past and future emotional and psychological counseling costs.
   c.  Past and future loss of earnings.
   d.  Permanent and partial impairment of earnings and earning capacity.
   e.  Pain and suffering.
   f.  Past and future permanent and partial disability.
   g.  Loss of enjoyment of life.
   h.  Past and future special damages.
   i.  Interest calculated at the maximum amount allowable by law, including prejudgment interest.
   j.  Injunctive relief to prevent future actions to protect others similarly situated.

    k.  Injunctive relief including but not limited to training or retraining officers of the City of Coeur d'Alene Police Department

    l.  Punitive damages.

    m. Actual or compensatory damages.

    n.  Nominal damages.

    o.  Attorneys' fees and cost.

    p.  Cost and disbursements herein in an amount to be proven at the time of trial.

    q.  Such other relief as the Court believes is equitable and just.

DATED this 22nd day of October, 2018.

                    PHELPS & ASSOCIATES, P.S.
                    Attorneys for Plaintiff

                    */s/ Douglas D. Phelps*
                    DOUGLAS D. PHELPS, ISBA # 4755
                    2903 N. Stout Road
                    Spokane, WA 99206
                    Tel: (509) 892-0467, Fx: (509) 921-0802
                    phelps@phelpslaw1.com

1  STATE OF IDAHO        )

2                        ) ss.

3  COUNTY OF KOOTENAI    )

4

5       I, PATRICK GROM, after being first duly sworn upon oath, depose and state as

6  follows: that I am the plaintiff herein, that I have read the foregoing Complaint,

7  know the contents thereof and believe them to be true and correct.

8

9

10                                          PATRICK L. GROM

11       SUBSCRIBED AND SWORN to before me this 24th day of October, 2018.

12

13

14                                          NOTARY PUBLIC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR CIVIL RIGHTS**
**VIOLATIONS UNDER 42 U.S.C. § 1983 – Page 1**